## MORRISON et al. v. REGUS et al. *

Circuit Court of Appeals, Fifth Circuit.
December 10, 1927.

No. 5025.

**1. Appeal and error ⊙⊸198—Objection to evidence before referee, on which trial court acted, that reference was not authorized, made for first time on appeal, will not be considered.**

Whether evidence before referee, on which trial court acted in rendering its turn-over decree in bankruptcy, was objectionable on ground that referee was not authorized to act in the case, because no order referring the case to him was made, will not be considered on appeal, where no objection was raised in trial court, which had jurisdiction to render the decree.

**2. Appeal and error ⊙⊸907(2)—On appeal, decree will be presumed warranted by evidence, where record does not contain evidence.**

On appeal, decree will be presumed to be warranted by the evidence, where record does not contain evidence on which court acted.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Proceeding by the Walnut Creek Milling Company and another against the Grain Products Company, Cash J. Morrison and Carl L. Morrison, bankrupts. From a decree (21 F.[2d] 380) affirming an order of the referee directing the Morrisons to turn over

*Rehearing denied January 7, 1928.

to Henry Regus, as trustee in bankruptcy, a stated sum of money, they appeal. Affirmed.

L. L. Dubourg, of New Orleans, La. (Dart & Dart and Leo. L. Dubourg, all of New Orleans, La., on the brief), for appellants.

A. P. Frymire, Harry McCall, and Morris B. Redmann, all of New Orleans, La., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree affirming an order of the referee directing bankrupts, the appellants, to turn over to the trustee a stated sum of money.

[1] It is suggested in this court for the first time that the regular referee in bankruptcy who acted in the case was not authorized to do so, because no order referring the case to him was made. When the trial judge acted in the matter, he had before him the evidence taken before the referee, and no objection was made to that evidence on the ground that it was adduced before a referee who had no authority in the premises. If the objection had been made in the lower court, it could have been remedied by an order referring the case to the referee who had acted in the matter without objection.

[2] The question whether the evidence on which the court itself acted in rendering the decree appealed from was subject to objection on the ground now suggested will not be considered by this court, because it was not raised in the court below, which had jurisdiction to render that decree. 2 R. C. L. 69. The record does not contain the evidence on which the court acted. This being so, it is to be presumed that the evidence warranted the decree appealed from.

The decree is affirmed.